IN THE UNITED STATES DISTRICT COURT FOR
THE WESTERN DISTRICT OF OKLAHOMA

NOEL MONTES SOSA, )
)
Petitioner, )
)
vs. ) No. CIV-15-827-W
)
ROBERT PATTON, )
)
Respondent. )

## ORDER

On May 16, 2016, United States Magistrate Judge Shon T. Erwin issued a Report and Recommendation in this matter and recommended that the Petition for Writ of Habeas Corpus ("Petition") filed by petitioner Noel Montes Sosa, proceeding pro se, be denied. Sosa was advised of his right to object, see Doc. 19 at 22, and the matter now comes before the Court on a paper filed by Sosa, which the Court has construed as Sosa's objection to the Report and Recommendation. See Doc. 22.

Sosa was convicted in December 2012 in the District Court for Oklahoma County, Oklahoma, of murder in the first degree, 21 O.S. § 701.7, in the death of Sarita Aguilar. State v. Sosa, CF-2011-4010. On January 23, 2013, the Honorable Ray C. Elliott, District Judge for Oklahoma County, sentenced Sosa to a term of life imprisonment pursuant to the jury's recommendation. See Judgment and Sentence (January 28, 2013).

Sosa appealed and advanced four grounds that he claimed warranted relief:

Proposition I: defense counsel was ineffective because she failed to introduce the videotaped forensic interview of M.A., Aguilar's minor daughter,[1] that was conducted at the Care Center on August 3, 2012, by Jessica Taylor, see Doc. 1-1 at 17;

---

[1] M.A. was seven years old at the time her mother was murdered. See Doc. 1-1 at 8.

Proposition II: Judge Elliott erred when he admitted into evidence "irrelevant and prejudicial evidence of 'other crimes, wrongs, or acts[,]'" id. at 25, during the testimony of Aguilar's sister, Christina Macias;

Proposition III: Judge Elliott violated both Oklahoma law regarding the "excited utterance" exception to Oklahoma's hearsay statute, e.g., 12 O.S. § 2803(2), and the Confrontation Clause of the sixth amendment to the United States Constitution when he admitted into evidence certain statements implicating Sosa in Aguilar's death that were made by M.A. to her grandmother, Billie Aguilar, hours after the crime had occurred in July 2011, see Doc. 1-1 at 30; and

Proposition IV: the trial errors about which he had complained, when considered cumulatively, deprived him of a fair and impartial trial. See id. at 40.

On May 7, 2014, the Oklahoma Court of Criminal Appeals ("OCCA") rejected Sosa's arguments and affirmed his conviction and sentence. Sosa v. State, No. F-2013-99 (Okla. Crim. May 7, 2014).[2]

---

[2]As to Proposition I, the OCCA wrote in its Summary Opinion:

> [D]efense counsel was familiar with [M.A.'s] . . . interview and chose not to use it. [This court] . . . will not second-guess strategic decisions. Sosa fails to show that the outcome of his trial would have been different if defense counsel had used the interview. Taken as a whole, the excerpt of the interview Sosa cites . . . is ambiguous and does not clearly contradict [M.A.'s] . . . original statement, which was admitted. In addition, evidence other than that original statement supported Sosa's conviction.

Sosa v. State, No. F-2013-99, slip op. at 2-3 (Okla. Crim. May 7, 2014)(citation omitted)(hereafter "Summary Opinion"). See Vol. III Trial Transcript (December 12, 2012) at 62, 65, 66, 73-74 (hereafter "III TT").

As to Proposition II, the OCCA found that Judge Elliott "did not err in admitting evidence of bad acts or other crimes." Summary Opinion at 4. "Sosa claimed he fought with the victim, she had trouble breathing, and he didn't know how she died. Evidence of prior violent behavior against the victim, his girlfriend, was relevant to counter Sosa's claim that he did not injure her." Id.

2

Sosa has asserted the grounds found in Propositions I, II and III on direct appeal as claims in the instant Petition, see Doc. 1; Doc. 1-1, and to the extent those claims were presented to, and denied by, the OCCA, the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") permits this Court to grant habeas relief only if the OCCA's adjudication of those claims was either "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the [United States] Supreme Court . . . ," 28 U.S.C. § 2254(d)(1), or "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." Id. § 2254(d)(2).

The Court's review under AEDPA is deferential, e.g., Ryder ex rel. Ryder v. Warrior, 810 F.3d 724, 739 (10th Cir. 2016), and upon de novo review of the record, the Court concurs with Magistrate Judge Erwin's suggestion that the OCCA's rejection of Sosa's

---

(citation omitted). Compare id. ("trial court gave a limiting instruction regarding jurors' use of this evidence") with Doc. 13-3 at 24 ("defendant did not request or object when the trial court failed to issue a contemporaneous or final limiting instruction to the jury regarding the evidence")(citations omitted); id. at 26 (fact that court failed to issue limiting instruction was harmless given substantial evidence that defendant was sole person threatening, cursing at and arguing with victim moments before she was strangled).
As to Proposition III, the OCCA first addressed Sosa's state law arguments and found

> "[w]hether a statement qualifies as an excited utterance depends not on a fixed time but on the facts and circumstances of each case." . . . The record shows the child declarant was still under the immediate stress of the startling event, made the statement to the first adult she saw whom she knew since the event occurred, and was overcome by strong emotion during the statement.

Summary Opinion at 5-6 (quotation and further citations omitted).
The OCCA then addressed Sosa's arguments in Proposition III asserted under the sixth amendment and found that the amendment's Confrontation Clause was not implicated because M.A.'s "statements were not testimonial, and thus there was no requirement that Sosa have a prior opportunity to examine the (unavailable) declarant before their admission." Id. at 6 (citing Crawford v. Washington, 541 U.S. 36 (2004)).
As to Proposition IV, the OCCA ruled that since it had found "no error in . . . [any] preceding proposition[ ], . . . there [could be] . . . no accumulated error." Id. at 7 (citation omitted).

claims for relief as set forth in Propositions I[3] and III was not contrary to, and did not involve an unreasonable application of, clearly-established Supreme Court precedent.

As to Sosa's claim for relief set forth in Proposition II, because the OCCA applied only state evidentiary rules, see Summary Opinion at 4, and did not consider whether Judge Elliott's admission of the challenged evidence[4] violated Sosa's right to due process under the fifth and fourteenth amendments to the United States Constitution, the Court must consider this claim de novo. In doing so, the Court likewise agrees with Magistrate Judge Erwin's suggestion that Judge Elliott's decision to admit Macias' testimony did not result in a fundamentally unfair trial, after considering her testimony in light of the entire record. E.g., Estelle v. McGuire, 502 U.S. 62 (1991). The probative value of Macias' statements regarding Sosa's violence toward Aguilar outweighed any potentially prejudicial

---

[3] In his most recent submission, Sosa has complained that trial counsel was ineffective because "[d]uring . . . [his 'roughly' two-year] incarceration in [the] Oklahoma County Jail[,] [he] . . . saw [his] . . . trial counsel a total of 4 times[,]" Doc. 22 at 1, and that at no time was an interpreter present. Sosa has further complained that defense counsel was ineffective because counsel failed to use available forensic and medical evidence that would show (1) that there was a different and very plausible explanation for Aguilar's death and (2) that "there was no broken neck vertebra or any damage to the tracheal windpipe area." Id. See III TT at 167-168 (jury heard testimony that Aguilar's hyoid bone and vertebrae were intact).

Sosa is advised that the Court has not considered any arguments that were not presented to Magistrate Judge Erwin. See Marshall v. Chater, 75 F.3d 1421, 1426 (10th Cir. 2001).

[4] On appeal, Sosa challenged Macias' testimony regarding an argument she had observed "from afar," III TT at 82, line 15, between Sosa and Aguilar during which Sosa threw a pair of earrings. Sosa also challenged Macias' testimony that approximately two weeks prior to Aguilar's death, Aguilar had stayed briefly with Macias because Aguilar had been assaulted by Sosa. Macias testified that she saw bruises and bite marks on her sister's back and shoulders and "on her cheeks, . . . along the jaw line." Id. at 78, lines 16-17.

At a pretrial hearing, Judge Elliott ruled that evidence of these "two bad acts" was admissible under state law. See Pretrial Motion Proceeding Transcript (December 4, 2012) at 56-58. On direct appeal, Sosa contended that he was entitled to a new trial because Macias' testimony not only was prohibited under state law, but also deprived him of a fair trial in violation of the due process clauses of the fifth and fourteenth amendments to the United States Constitution. See Doc. 1-1 at 25. The OCCA applied only Oklahoma law in addressing Proposition II. See Summary Opinion at 4.

4

effect. See Knighton v. Mullin, 293 F.3d 1165, 1171 (10th Cir. 2002)(state court's admission of evidence of prior crimes, wrongs or acts not disturbed unless probative value of evidence is greatly outweighed by any prejudice flowing from its admission such that defendant is denied due process)(citation omitted).

Accordingly, the Court

(1) ADOPTS the Report and Recommendation [Doc. 19] issued on May 16, 2016;

(2) DENIES Sosa's Petition [Doc. 1] file-stamped July 29, 2015; and

(3) ORDERS that judgment in favor of respondent Robert Patton issue forthwith.

ENTERED this __17th__ day of June, 2016.

LEE R. WEST
UNITED STATES DISTRICT JUDGE